UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CARYN PINCUS, individually,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, INC.,
(doing business as "Central Financial Control"),
a foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF 15 U.S.C. § 1692 *et seq.*, THE FAIR DEBT COLLECTION PRACTICES ACT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, in its telephonic efforts to collect a consumer debt from Plaintiff, Defendant failed to disclose the purpose of its call to Plaintiff as well as its identity as a debt collector, both of which are federally mandated requirements of debt collectors pursuant to the FDCPA.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant does business in this District.

## PARTIES

3. Plaintiff, CARYN PINCUS, is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Defendant SYNDICATED OFFICE SYSTEMS, INC. ("Defendant"), conducts its business sunder the name "Central Financial Control" and is a foreign corporation primarily operating from offices located at 1445 Ross Avenue, Suite 1400, Dallas, Texas 75202.

5. Defendant regularly uses the telephone in a business, the principal purpose of which is the collection of consumer debts.

6. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

7. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## **FACTUAL ALLEGATIONS**

8.  Defendant, on behalf of a medical provider, sought to collect an alleged consumer debt from Plaintiff arising from personal medical services having been rendered to Plaintiff by said provider.

9.  Between October 2009 and February 2010, in an effort to collect an alleged debt from Plaintiff, Defendant called Plaintiff at least seventeen (17) times at her home; each call played a pre-recorded voicemail message.

10. Plaintiff was able to record and transcribe three (3) of the voicemail messages from Defendant; a transcript of Defendant's voicemail messages to Plaintiff is as follows:

> *This is a message from Central Financial Control please call us at 1-800-300-7192 so that we can speak with you regarding this personal business matter.  Thank you.*

> *This is a message from Central Financial Control for Caryn Pincus regarding a personal business matter. Please call 1-800-300-7192 between the hours of 8am and 5pm Monday through Friday, once again the number to call is 1-800-300-7192.  Thank You.*

> *This is a message from Central Financial Control please call us at 1-800-300-7192 so that we can speak with you regarding this personal business matter.  Thank you.*

11. The telephone messages are "communications" as defined by 15 U.S.C. § 1692a(2).  See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-

3

60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

12. The voicemail messages failed to properly disclose that Defendant is a debt collector in violation of 15 U.S.C § 1692e(11).  *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006); *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M.D. Fla. 2006); *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

13. Defendant failed to disclose the purpose of the communication by stating that it was in regard to a "personal business matter" when the true purpose behind the call was to collect a debt from Plaintiff.  See generally, *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

14. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose.  See generally, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010); *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir. 1996).

15. Federal Courts have held that the failure to properly identify oneself as a debt collector in a voicemail message left on an answering machine or state that a voicemail message was left as an attempt to collect a debt constituted a valid claim under the FDCPA.  *Anchondo v. Anderson, Crenshaw & Associates, LLC,*

4

583 F.Supp.2d 1278 (D. New Mexico 2008); *Edwards v. Niagara Credit Solutions, Inc.*, 2009 U.S. App. LEXIS 22500 (11th Cir. 2009).

16. Plaintiff has elected to opt out of a pending class action lawsuit against Defendant, which involves the same and/or similar claims as to those alleged in the instant lawsuit. *Brown v. Syndicated Office Systems, Inc.*, Case No. 9:10-cv-80465-JIC (Original date of filing: April 2, 2010).

17. The Supreme Court has held that the statute of limitations is tolled and/or extended for those electing to opt out of a class action and file individual claims. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345 (1983).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant's voicemail messages failed to disclose to Plaintiff that it was a debt collector in violation of 15 U.S.C § 1692e(11). See *Chalik v. Westport Recovery Corp.*, 677 F.Supp.2d 1322 (S.D. Fla. October 30, 2009) (holding that debt collectors leaving voicemail messages requesting a return phone call on a consumer debt are subject to the requirements of 15 U.S.C § 1692e(11))

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

5

     a.    Damages;

     b.    Attorney's fees, litigation expenses and costs of the instant suit; and

     c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE

20.    Plaintiff incorporates Paragraphs 1 through 17.

21.    Defendant placed telephone calls to Plaintiff without making a meaningful disclosure of the true purpose behind Defendant's communications in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D. Fla. September 23, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

     a.    Damages;

     b.    Attorney's fees, litigation expenses and costs of suit; and

     c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 23rd day of July, 2011.

SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff Caryn Pincus*
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: 954-306-8104
Facsimile: 954-337-0666
scott@scottdowens.com


By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651