UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-cv-80842-MIDDLEBROOKS

CARYN PINCUS, individually,

    Plaintiff,

v.

SYNDICATED OFFICE SYSTEMS, INC.,
(doing business as "Central Financial
Control"), a foreign corporation,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS

Defendant Syndicated Office Systems, Inc. d/b/a Central Financial Control ("CFC"), pursuant to Rule 12(b)(1), Fed. R. Civ. P., moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. CFC has offered to satisfy Plaintiff's entire demand, thereby mooting any case or controversy. Accordingly, the Court should dismiss Plaintiff's Complaint.

**I.**    **Background**

On or about July 23, 2011, Plaintiff filed a two-count Complaint alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. (the "FDCPA") [DE 1]. Plaintiff alleges that CFC placed telephone calls to Plaintiff between October 2009 and February 2010 in an effort to collect a debt. Compl. ¶¶ 8-9. Both counts allege violation of the FDCPA based on the same calls. Compl. ¶¶ 18 and 20. Plaintiff elected to opt out of a pending settlement of a class action lawsuit against CFC in this District arising out of the identical subject matter, styled *Brown v. Syndicated Office Systems, Inc.,* Case No. 10-cv-80465-JIC. Compl. ¶ 16. In this case,

CASE NO. 11-cv-80842-MIDDLEBROOKS

Plaintiff seeks damages and attorney's fees and costs under the FDCPA.  Compl. at 5 and 6. Plaintiff does not allege she incurred any actual damages.

**II.     No Case or Controversy Remains to be Litigated**

The FDCPA provides for the following relief:

(a)   [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –

**(1)**   any actual damage sustained by such person as a result of such failure;

**(2)(A)**   in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;

\*          \*          \*

**(3)**  in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court….

15 U.S.C. § 1692k.

On August 17, 2011, CFC offered to resolve the lawsuit for $1 over the maximum amount that Plaintiff could obtain in the litigation – $1,001 for statutory damages, plus reasonable attorney's fees and costs pursuant to the FDCPA at 15 U.S.C. 1692k(a).  Because Plaintiff alleges no actual damages, she may not recover under § 1692k(a)(1).

The United States Constitution limits the judicial authority of federal courts to only litigate real "cases or controversies." *Muldrow v. Credit Bureau Collection Services, Inc.*, *d/b/a CBCS,* 2010 WL 2650906, \*1 (S.D. Fla. June 30, 2010), citing U.S. Const. art. III, § 1.  If events that occur after a lawsuit is filed deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed. *Id.,* citing *Sheely v. MRI Radiology Network, P.A.,* 505 F.3d 1173, 1184 (11th Cir. 2007); *Dupree v. Palmer*, 284 F.3d 1234, 1236-37 (11th

2

CASE NO. 11-cv-80842-MIDDLEBROOKS

Cir. 2002) ("The case or controversy requirement of the Constitution requires that moot cases be dismissed; in a moot case, there is no longer the vitality and interest among the parties that our adversary system of justice requires.").

Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this is subject to a motion to dismiss because he has no remaining stake in the outcome of the litigation. *Muldrow,* 2010 WL 2650906, at *1. CFC's offer to settle the lawsuit for the maximum statutory damages eliminates any case or controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action. *See id.; MacKenzie v. Kindred Hosps. E., LLC*, 276 F.Supp. 2d 1211, 1219 (M.D. Fla. 2003) ("the defendants offer of full relief therefore rendered this case moot, even though the plaintiff did not accept that offer"). Under the FDCPA, Plaintiff cannot recover more than $1,000 in statutory damages per action, regardless of the number of violations proven. *Id.* at 2, citing *Harper v. Better Business Servs., Inc*., 961 F.2d 1561, 1563 (11th Cir. 1992). CFC's offer of $1,001 moots the FDCPA claims because the court no longer can provide meaningful relief through adjudication. *Id.,* citing *Sheely*, 505 F.3d at 1173. Thus, Plaintiff's claims are now moot and should be dismissed. Because Plaintiff's complaint includes only FDCPA claims, the entire lawsuit should be dismissed.

WHEREFORE, pursuant to Rule 12(b)(1), Fla. R. Civ. P., Defendant Syndicated Office Systems, Inc. d/b/a Central Financial Control, moves to dismiss the case for lack of subject matter jurisdiction and for such other relief as is just and proper.

CASE NO. 11-cv-80842-MIDDLEBROOKS

Respectfully submitted:

**LASH & GOLDBERG LLP**
Miami Tower, Suite 1200
100 Southeast 2nd Street
Miami, Florida 33131
Telephone: (305) 347-4040
Facsimile: (305) 347-4050

By: /s/ Alan D. Lash
    **ALAN D. LASH**
    alash@lashgoldberg.com
    Florida Bar No. 0510904
    **LUCA BRONZI**
    lbronzi@lashgoldberg.com
    Florida Bar No. 0015628
    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of August, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Luca Bronzi
    **Luca Bronzi**

**Service List**

Scott D. Owens, Esq.
E-mail: scott@scottdowens.com
Florida Bar No. 0597651
2000 E. Oakland Park Blvd., Suite 106
Ft. Lauderdale, FL 33306
Telephone: (954) 306-8104
Facsimile: (954) 337-0666
*Counsel for Plaintiff*